124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daniel M. GATH, Petitioner-Appellant,
v.
COMMODITY FUTURES TRADING COMMISSION, Respondent-Appellee.
 No. 96-3115.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1997.*
Decided July 15, 1997
 
 1
 On Petition for Review Of An Order Of The Commodity Futures Trading Commission.
 
 
 2
 Before Hon. John L. Coffey, Circuit Judge Hon. Joel M. Flaum, Circuit Judge Hon. Michael S. Kanne, Circuit Judge
 
 ORDER
 
 3
 In November 1985 Daniel M. Gath, a registered representative of a discount brokerage firm, purchased calls without sufficient margin on his parents' account. As a result, Gath was asked to resign from his firm and the National Association of Securities Dealers ("NASD") filed a complaint against Gath alleging that he had made an unsuitable transaction and that he had repeatedly purchased securities without sufficient margin. After a hearing in 1988, Gath was found guilty of the violations. He was censured, fined $3,000, and ordered to re-qualify by examination before acting as a registered representative. Gath never paid the fine; consequently, NASD revoked his registration in October 1989.[2]
 
 
 4
 In February 1994 Gath applied for registration with the Commodity Futures Trading Commission ("CFTC") as a floor trader. In June 1994 the CFTC issued a Notice of Intent to refuse or condition his application based on his 1988 censure and fine, and the revocation of his NASD registration for failure to pay the fine. The Notice stated that these facts constituted a basis for statutory disqualification under section 8a(3)(J) and 8a(3)(M) of the Commodity Exchange Act. 7 U.S.C. § 12a(3)(J) & (M). Gath filed a response to the Notice of Intent acknowledging the censure and fine but stating that he had received no notice of the revocation of his NASD registration and that he could not locate a request for payment of the fine. Gath also asserted that he has never paid the fine because he was told by NASD representatives that he would not be required to pay the fine unless he intended to re-register with NASD, which he did not intend to do.
 
 
 5
 Gath did not appear at the November 1994 hearing before an Administrative Law Judge (ALJ) on the Notice of Intent but instead filed a post-hearing brief as did the Division of Enforcement of the CFTC ("Division"). In March 1995 the ALJ issued an initial decision (ID) ordering that Gath's application for registration as a floor trader be granted. The ALJ stated that although the Division had made a prima facie showing of statutory disqualification under § 8a(3)(J)[3], Gath had shown by a preponderance of the evidence that he posed no substantial risk to the public despite the statutory disqualification.[4] The ALJ also rejected the Division's contention that it had made a prima faie showing that Gath also was statutorily disqualified under § 8a(3)(M)[5], but stated that even if it had made such a showing, Gath's youth, inexperience, and lack of supervision mitigated the acts. The ALJ further stated that Gath had shown rehabilitation by working on the Chicago Board of Options Exchange and the Chicago Mercantile Exchange for five and-a-half years without any violations.
 
 
 6
 On appeal, the Commission reversed the ALJ's decision and denied Gath's application for full and unconditional registration with the CFTC. It agreed that the Division had shown a prima facie violation of § 8a(3)(J), but stated that the ALJ should not have relied on Gath's unsworn statements in his post-hearing briefs, citing Commission Rule 10.67(a), 17 C.F.R. § 10.67(a) ("unreliable ... evidence shall be excluded"). The Commission stated that, even if it had credited the unsworn statements, Gath had not shown sufficient mitigation or rehabilitation. The Commission stated that there was no evidence that NASD would not have revoked Gath's registration even if it had been aware of the alleged statements by NASD representatives that Gath did not have to pay the fine unless he re-registered. The Commission also concluded that Gath had not shown that the misconduct would not be repeated. Gath appeals.
 
 
 7
 This court reviews decisions of the Commission not to register an applicant once a prima facie showing of statutory disqualification is made for an abuse of discretion. Flaxman v. CFTC, 697 F.2d 782, 789 (7th Cir.1983). Neither side disputes that the Division has made a prima facie showing that Gath was statutorily disqualified from registration because of his NASD registration revocation. After this prima facie showing is met, the burden shifts to the petitioner to demonstrate that his registration would not pose a substantial risk to the public. In re Akar [1986-1987 Transfer Binder] Comm. Fut. L. Rep. (CCH) p 22,927 at 31,708 (CFTC Feb. 24, 1986). The burden is substantial and can be met by "presenting evidence of extenuating or mitigating circumstances surrounding the disqualifying event or, ..., rehabilitation since that event." Id.
 
 
 8
 Gath first asserts that the Commission erred in concluding that his unsworn statements that NASD allegedly told him that he need not pay the fine unless he were to re-register with NASD failed to satisfy his burden of persuasion.[6] We do not conclude that the Commission's failure to credit the reliability of these statement was an abuse of its discretion. Because Gath decided not to appear at the hearing before the ALJ, he had to rely solely on his response to the Division's Notice of Intent to refuse or condition registration and whatever evidence was presented by the Division during the hearing. Gath did not submit a "verified statement or affidavit" required by Commission Rule 3.60(b)(1) as support for the statements in his response. Thus, the Commission acted within its discretion when it discounted the reliability of the statements.
 
 
 9
 In any event, Gath acknowledges that the Commission concluded that he had not made a sufficient showing of mitigation even if it were to credit the statements. Gath asserts that he has demonstrated mitigation because he was under the impression, based on comments by NASD officials, that he would not have to pay the fine unless he were to re-register with the NASD.[7] He also states that he was not aware that NASD had tried to collect the debt or that his registration had been revoked. While it is true that the letter informing him that his registration had been revoked had been returned to NASD undelivered, Gath acknowledges that he knew as early as 1992 that his registration had been revoked. Further, two letters requesting payment of the fine had been sent to his parents' address in 1989 and accepted by them. The Commission did not abuse its discretion in not crediting Gaths unsworn statements that he believed he would not have to pay the fine and that he was totally unaware of NASD's efforts to collect the fines, thus leading them to conclude that he had not sufficiently demonstrated mitigating circumstances.[8]
 
 
 10
 We also conclude that the Commission did not abuse its discretion in finding that Gath had not shown sufficient rehabilitation. In demonstrating rehabilitation, Gath must "convince [the CFTC] that despite his past transgressions, he now has sufficient integrity, candor, and respect for the Act to handle the public's money." In re Akar, at 31,709. Gath relies almost exclusively on the fact that he has had no violations in the past ten years. Although time is one factor which may demonstrate rehabilitation, it is not determinative. Id. at 31,710.[9] In any event, an applicant "must do more than show that time passed without the occurrence of further wrongful conduct .... [h]e ... must produce evidence that directly relates to the wrongful conduct at issue and show[ ] that conduct of that nature will not be repeated.' Id.
 
 
 11
 Gath asserts that his situation is similar to that of the applicant in another case, In re Walter, [1987-1990 Transfer Binder] Comm. Fur. L. Rep. (CCH) p 24,215 at 35,007 (CFTC Apr. 14, 1988). In Walter the Commission approved the applicant's restricted registration after it had been revoked due to a prior felony conviction for possession of counterfeit obligations and an associated fine of $2,000. The Commission rested its decision on evidence of mitigation and rehabilitation, the latter including the testimony of Walter's probation officer, his employer and a long-time customer who vouched for Walter's honesty. In addition, the Commission stated that a satisfactory supervisory arrangement by his current employer "tipped the balance" in favor of permitting the restricted registration. In re Walter, at 35,015. Similar evidence is lacking in this case. Accordingly, in light of the lack of evidence beyond Gath's own statements of rehabilitation and the fact that he continues to refuse to pay the fine, the Commission did not abuse its discretion in concluding that Gath had not made a sufficient showing of rehabilitation. See In re Sanchez and Lawrence, [1982-1984 Transfer Binder] Comm. Fut. L. Rep. (CCH) p 21,985 at 28, 210-17 (CFTC Jan. 31, 1984) (applicant's failure to pay civil penalty precluded finding of rehabilitation), aff'd 759 F.2d 767 (9th Cir.1985).
 
 
 12
 Gath's petition for review is DENIED and the final order of the Commission is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 The Commodity Futures Trading Commission asserts that NASD sent four certified letters to Gath at his parents' home notifying him of the fine and seeking payment. Two of the letters were signed for by his parents and the last two were returned marked as "unclaimed." The last letter informed Gath that his NASD registration was being revoked for failure to pay the fine
 
 
 [3]
 Section 8a(3)(J) of the Commodity Exchange Act states that the Commission may refuse to register any person if "such person is subject to an outstanding order denying, suspending, or expelling such person from membership in a contract market, a registered futures association, [or] any other self-regulatory organization." 7 U.S.C. § 12a(3)(J)
 
 
 [4]
 Specifically, the ALJ concluded that Gath had shown mitigating circumstances by crediting his assertions in his post-hearing brief that he had been told that he would not have to pay the fine unless he planned to re-register with NASD, and that NASD had not given Gath sufficient notice of his revocation because the letter of notification had been returned as "unclaimed." The AIJ also rejected the Division's assertions that he was also statutorily disqualified under § 8a(3)(M) for other good cause. The ALJ rejected the Division's assertions that Gath's refusal to pay the fine constituted a lack of respect for the industry, a lack of financial responsibility, and an inability to comply with CFTC rules and regulations
 
 
 [5]
 Section 8a(3)(M) of the Commodity Exchange Act provides that the Commission may refuse to register any person for "other good cause." 7 U.S.C. § 12a(3)(M)
 
 
 [6]
 Gath asserts that his contention is supported by the testimony of Paul Hotchkiss, NASD Director of District Review, at the hearing before the ALJ. In fact, Hotchkiss stated when questioned by the ALJ that NASD lawyers could "possibly" have told Gath that he would not have had to pay the fine unless he intended to re-register with NASD. However, Hotchkiss was not part of the 1989 investigation or censure and thus has no personal knowledge of the circumstances surrounding Gath's case. In any event, Hotchkiss also testified that on scale of one to ten, he ranked the failure to pay the fine as an eleven
 
 
 [7]
 Gath also relies on the 1990 NASD Notice to Members 90-21 which states that NASD would "not pursue the collection of fines and costs assessed in cases concluded prior to July 1, 1990, ... in light of the fact that respondents might have entered into settlements or elected to pursue appellate remedies believing that direct efforts would not be made to collect fines in their cases." Supp.App. of Resp., Tab 1, Exhibit 5. Gath admits to not having been made aware of this notice until 1994. In any event, although it states that NASD may not have pursued fines generally, it does not state that it would not seek to deny the registration of those who fail to pay the fine
 
 
 [8]
 As the Commission notes in its order, violations of § 8a(3)(J) are based only on "outstanding" violations; thus, "[i]f Gath resolves his differences with the NASD in a manner which removes the outstanding revocation, then that basis for disqualification under Section 8a(3)(J) would no longer obtain." Commission Order at 8 n. 7. Because the § 8a(3)(J) violation was sufficient to refuse registration, the Commission stated that it was not necessary to address the § 8a(3)(M) issue
 
 
 [9]
 Further, although over ten years have passed with no violations, he has been involved in trading approximately six-and-a-half of those ten years. Gath worked as a trader on the floor of the Chicago Board of Options Exchange for five years and at the Chicago Mercantile Exchange for approximately a year and a half App. Post-Hearing Brief at 6, 11